MALDONADO & CO. v. UNITED STATES.

HENSEL, BRUCKMANN & LORBACHER v. SAME.

(Circuit Court, S. D. New York. May 21, 1909.)

Nos. 4,448, 4,679.

CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—"STEEL IN ALL FORMS AND SHAPES"—FINISHED ARTICLES.

Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 135, 30 Stat. 161 (U. S. Comp. St. 1901, p. 1638), does not include such distinctively finish-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed articles as horseshoe calks and ball bearings in the provision for "steel in all forms and shapes."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*]

On Application for Review of Decisions by the Board of United States General Appraisers.

The decisions below affirmed the assessment of duty by the collector of customs at the port of New York. Note G. A. 6,412 (T. D. 27,542).

Brooks & Brooks (Frederick W. Brooks, of counsel), for importers. Addison S. Pratt, Asst. U. S. Atty.

PLATT, District Judge. There is no doubt about these importations, steel horseshoe calks in the one case and ball bearings in the other, going into Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 193, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645), unless paragraph 135 of that act is more specific. The importers insist that "steel in all forms and shapes," found in paragraph 135, describes them. We start in 135 with steel in a very crude form, namely, ingots, blooms, slabs. We then go to gun-barrel molds, then to steel castings, then to sheets and plates, and then immediately to "steel in all forms and shapes." It is true that Congress must have had in mind in this last phrase forms and shapes upon which some labor had been expended in addition to that required to produce sheets and plates. But although, as the Board says, every manufactured article must have form and shape, it is not conceivable that Congress intended to provide in paragraph 135 for such distinctively finished products as those at issue.

Decisions affirmed.